UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL JOHNSON, | ) | CASE NO. 4:12 CV2164 |
| | ) | |
|     Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN SHARTLE, | ) | |
| | ) | |
|     Respondent. | ) | |

Before the Court is *pro se* Petitioner Michael Johnson's above-captioned petition for a writ of habeas corpus pursuant 28 U.S.C. §2241. Mr. Johnson, who is being held in the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton"), names F.C.I. Elkton Warden J.T. Shartle as Respondent.[1] He claims the Bureau of Prisons ("BOP") is improperly withholding jail credit to which he believes he is entitled. For the reasons set forth below, the Petition is denied.

*Background*

Mr. Johnson was arrested for receiving stolen property in Pennsylvania by the Nanticoke City Police on July 10, 2007 and held in Luzerne County Jail. Although the criminal complaint was amended to dismiss certain charges in favor of federal prosecution, the Commonwealth of

---

[1] At the time this Petition was filed J.T. Shartle was the warden at F.C.I. Elkton. The current warden at F.C.I. Elkton is Joe Coakley.

Pennsylvania imposed an unrelated sentence of 12 to 24 months in prison on September 6, 2007 on Mr. Johnson for possession with intent to deliver a controlled substance.[2] The court also awarded him 80 days credit for the following pretrial custody periods: February 17, 2006 through March 10, 2006 and July 10, 2007 until September 5, 2007. (Doc. No. 1, Ex. G.)

The United States District Court for the Middle District of Pennsylvania issued a writ of habeas corpus *ad prosequendum* on September 18, 2007. Mr. Johnson was brought to federal court to face charges of interference with commerce by threat or violence in violation of 18 U.S.C. § 1951 and use, possession and carrying of a fireman during the commission of a violent act in violation of 18 U.S.C. §924(c). *See United States of America v. Johnson*, No. 3:07-cr-0331 (M.D. Pa. Aug. 21, 2007)(Nealon, J.) Mr. Johnson entered a guilty plea to the charges on November 30, 2007.

On April 17, 2008, United States District Judge William J. Nealon sentenced Mr. Johnson to serve a term of 27 months on Count 1 and 60 months on Count 2 consecutively, for a total term of 87 months. Judge Nealon also ordered the federal sentence to run "concurrently with that of the sentence imposed at Luzerne County Court of Common Pleas." *Id*. (Doc. No. 32.)

The day after Mr. Johnson's federal sentence was imposed, he was returned to Luzerne County Jail. Once he completed the term of imprisonment imposed by the Commonwealth, Mr. Johnson was released from Luzerne Jail to federal authorities on June 18, 2008. At that time, the BOP awarded Mr. Johnson federal jail time credit from July 10, 2007 through September 5, 2007. Because the length of Mr. Johnson's federal sentence exceeded that of his state sentence, the Designation & Sentences Computation Center (DSCC) determined he was entitled to presentence

---

[2]The Commonwealth's criminal complaint was amended to add a Receipt of Stolen Property charge for which he was sentenced to one year probation, consecutive to his sentence for possession of a controlled substance.

2

credit under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) pursuant to BOP Program Statement § 5880.28(2)(c).³ Mr. Johnson appealed the warden's decision to the Regional Director and National Inmate Appeals Administrator, both of whom denied the request.

Mr. Johnson now seeks an additional period of 214 days credit toward his federal sentence and a *nunc pro tunc* designation of the state facility for service of his federal sentence. He believes he is entitled to federal sentence credit from the date on which his Commonwealth sentence was imposed on September 6, 2007 until April 16, 2008, one day before his federal sentence was imposed. Because the federal court ordered his sentence to run concurrently with his Commonwealth sentence, Mr. Johnson believes he must receive federal sentence credit from the date on which his Commonwealth sentence commenced. Therefore, he argues he is entitled to credit from the date his Commonwealth sentence was imposed on September 18, 2007 until the date his federal sentence was imposed on April 17, 2008.

*Initial Review*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held

---

³Pursuant to PS 5880.28, a federal prisoner is entitled to *Willis* credits when: (1) his federal and state sentences are concurrent; and (2) his federal sentence is to run longer than the state sentence (not counting any credits). When the prisoner meets both criteria, he is entitled to credits on his federal sentence, calculated as follows:

> Prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that his first sentence begins to run, federal or non-federal. These time credits are known as *Willis* time credits

3

that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Johnson has not met his burden.

*28 U.S.C. § 2241*

It is the responsibility of the Attorney General, through the BOP, to administer the sentence imposed by a district court. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed."). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons.").

Under the relevant sentencing credit statute, it provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

4

18 U.S.C.§ 3585(b)(emphasis added). Mr. Johnson believes the BOP must award him 214 days credit in order to comply with the statute and the court's desire that his federal and Commonwealth sentences run concurrently.

It appears Mr. Johnson believes his federal sentence should commence on the same date his state sentence commenced in order for the two to run concurrently. A federal sentence cannot commence, however, before the date on which it is imposed. *See Coloma v. Holder,* 445 F.3d 1282, 1283-84 (11th Cir. 2006) (per curiam) (district court's order that prison term should run concurrently with prison term already being served did not mean the two sentences had the same starting date; federal sentence cannot commence prior to date it is pronounced, even if made concurrent with sentence already being served). Thus, at the time the federal court imposed Mr. Johnson's sentence, it could not run the two terms of imprisonment concurrently until the federal sentence was actually imposed.

Contrary to the declarations in his petition, Mr. Johnson was not exclusively in federal custody after his arrest by local authorities on July 10, 2007. It is well-settled that primary custodial jurisdiction remains vested in the sovereign that first arrests the defendant until that sovereign relinquishes its priority over the defendant. *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992); *Roche v. Sizer*, 675 F.2d 507, 509–10 (2d Cir. 1982). As such, federal authorities took Mr. Johnson into custody from the Commonwealth through a writ of habeas corpus *ad prosequendum* on September 18, 2007. A writ of habeas corpus *ad prosequendum* is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. *Gipson v. Young*, No. 85-5158, 1986 WL 16497, at *2 (6th Cir. Feb. 6, 1986). The only function of such a writ is to cause the removal of a prisoner to the proper jurisdiction for prosecution. 28 U.S.C. § 2241(c)(5); *United*

5

*States v. Boyes*, 305 F.2d 160, 161 (6th Cir. 1962). Therefore, primary custody remained with the sovereign that initially arrested Mr. Johnson, even when he was taken by federal authorities pursuant to a writ of habeas corpus *ad prosequendum*. *See United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998); *see also United States v. Insley*, 927 F.2d 185, 186–87 (4th Cir. 1991) ("official detention" in 18 U.S.C. § 3585—the successor statute to § 3586—means "physical incarceration"); *Huffman v. Perez*, 2000 WL 1478368 (E.D.Ky. Sept. 27, 2000) (defendant spent 26 1/2 months primarily in the custody of North Carolina and secondarily in the custody of the U.S. Marshals Service pursuant to the writ of habeas corpus *ad prosequendum*).

The BOP has awarded all the credit to which Mr. Johnson is entitled under § 3585. Although a prisoner is only entitled to receive credit for time that has not been credited against another sentence, both the Commonwealth and the BOP credited Mr. Johnson's respective sentences for the period he spent in custody from July 10, 2007 until September 5, 2007. The federal credits were awarded pursuant to an exception provided by the BOP's policy based on *Willis*. The policy allows a limited exception to the double credit prohibition of § 3585 when a prisoner's federal sentence exceeds his concurrent state sentence and the prisoner would lose the benefit of any pretrial credit if the BOP restricted that pretrial credit solely to the shorter state sentence. Beyond that exception, Mr. Johnson is not entitled to additional § 3585 credit against his federal sentence from September 6, 2007 until his federal sentence was imposed because his Commonwealth sentence had already commenced. Credit under § 3585 is restricted to "official detention *prior to* the date the sentence commences." 18 U.S.C. § 3585(emphasis added).

*Conclusion*

Based on the foregoing, the petition for writ of habeas corpus is denied. *See* 28 U.S.C. §

2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith

        IT IS SO ORDERED.

Date: May 30, 2013                                        */s/ John R. Adams*
                                                                  JOHN R. ADAMS
                                                                  UNITED STATES DISTRICT JUDGE